[Civ. No. 4661. Second Appellate District, Division One.—April 19, 1927.]

## C. A. KIRKPATRICK, Appellant, v. FAIRBANKS, MORSE & COMPANY (a Corporation), Respondent.

[1] CONTRACTS—INSTALLATION OF PUMPING ENGINE—PAYMENT—TITLE —WARRANTIES—PLEADING.—In this action for damages for alleged failure of defendant to properly install an oil engine, and other appurtenant equipment, to be used to pump water for irrigation purposes, the complaint having alleged full performance by plaintiff of the covenants and conditions of the contract on his part to be performed, it must be assumed, on demurrer, that the purchase price had been fully paid by plaintiff and that he acquired title, which permitted him to maintain an action on the warranties of defendant.

[2] ID.—SPECIAL DAMAGES—PLEADING.—In such action, plaintiff having pleaded with great particularity that defendant well knew that the pump and engine were installed for the purpose of irrigating plaintiff's land and the growing crops and trees thereon, and that as a result of defendant's failure the alfalfa died, that plaintiff was damaged by the loss of the crops of alfalfa and the cost of reseeding said alfalfa land, and the loss of work in preparing the land for seeding, and the loss of the use of the land for any purpose whatsoever, and the cost of destroying and removing a defective cement foundation installed by defendant for the engine, and the amount of damages claimed for each of said items having been specifically pleaded, such special damages were pleaded with sufficient certainty; and such damages were recoverable.

(1) 35 Cyc., p. 624, n. 21.   (2) 35 Cyc., p. 452, n. 77, p. 472, n. 20.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.   Reversed.

The facts are stated in the opinion of the court.

S. N. Bachtell, Paul B. Bachtell and N. B. Bachtell for Appellant.

Stutsman & Stutsman for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff appeals from a judgment of dismissal after demurrer had been sustained to plaintiff's fourth amended complaint with leave to amend, and plaintiff had failed to amend his complaint.   The demurrer was both general and special.

It is alleged in the complaint that the parties entered into a certain contract on the twenty-fifth day of March, 1922, wherein the defendant agreed to furnish plaintiff an oil engine, together with appliances and equipment specified in said contract, and to furnish a competent erector for installing the said engine and appliances, and to cause the same to be properly installed on a foundation in a workmanlike manner; that a copy of the contract was attached to the complaint and made a part thereof.   The contract was in the form of a proposal signed by the defendant

2.   See 8 Cal. Jur. 751, 890; 8 R. C. L. 430, 612.

and accepted by the plaintiff, wherein the defendant proposed to furnish and deliver an oil engine, a pump outfit and certain equipment. The contract contained the following language: "You are to furnish necessary cement and gravel for foundation. We furnish competent erector for installation and to give operator necessary instructions on operation of engine." The terms of payment were, payment of the purchase price thirty days from date of contract after shipment; title to remain in defendant until final payment was made. The complaint further alleged that defendant did install said engine on the premises of plaintiff; "that pursuant to the terms of said contract the said defendant was to build and construct, on said premises, in a good and workmanlike manner, a cement foundation on which said engine was properly to be installed; that said engine and appliances were to be installed in such manner as to operate one certain pump of the defendant for the purpose of raising water from the well or wells of plaintiff to the surface for the irrigation of plaintiff's land and crops, all of which the defendant well knew"; that the erector furnished by the defendant was not a competent erector, and that defendant failed, neglected, and refused to install said engine and appliances in a good and workmanlike manner; that said engine and appliances were installed in a negligent and unworkmanlike manner in that the engine was anchored to the foundation in such manner that would not enable said engine to be aligned with the pump so as to pump water for the irrigation of plaintiff's premises; that the engine was so installed that the stud-bolts of the cylinder-head pitted against the anchor-bolts, thereby weakening the stud-bolts and tending to warp alignment of the piston in the cylinder, to the great damage of the engine; that the exhaust drum was so suspended from the cylinder-head that the weight of the drum and the exhaust of the engine would strain the cylinder; that by reason of the misalignment it was impossible for the belt connecting the engine and pump to operate the pump; that the engine as installed was worthless to plaintiff as a means of operating the pump. The complaint stated: "That the said defendant well knew that the said engine was installed for the purpose of operating the pump attached to the well or wells of the plaintiff on the premises

aforesaid, and thereby raising water from said well or wells to the surface, for irrigation purposes, which said water, when so raised to the surface by the joint operation of said engine and said pump, was to be distributed by means of irrigation ditches to the growing crops and trees and land of the plaintiff; that said defendant well knew that said plaintiff wholly depended upon said engine for the operation of said pump in raising water as aforesaid for the irrigation of said premises and that unless said engine was installed in a good, efficient, and workmanlike manner so that it would properly function in connection with said pump for the production of water from said well or wells as aforesaid, the plaintiff would be without water for the irrigation of his crops, and land, and that without water from said well or wells the crops and trees of plaintiff would not mature and would die out." It is further alleged that at the time of said installation plaintiff had upon his premises twenty-five acres of growing alfalfa, fifteen acres of land plowed, bedded, and ready to be seeded to alfalfa, and wholly depended upon the production of water for irrigation; that the wells of the plaintiff had more than sufficient water therein to irrigate said land, and said pump, if properly installed, would have produced far in excess of sufficient water to irrigate said crops. That plaintiff performed all the covenants of said contract required of him to be performed; that as a result of defendant's failure to perform the contract, plaintiff was deprived of the use of said wells and from irrigating his alfalfa during the months of May, June, and July, 1922, and thereafter; that the alfalfa died; that plaintiff was damaged by the loss of these crops of alfalfa in May, June, and July in the sum of $1,680; and by the loss of two crops in August and September, 1922, in the sum of $1,120; and the cost of reseeding said alfalfa land in the sum of $1,250; in the loss of work in preparing said fifteen acres of land for seeding, in the sum of $750; the loss of the use of said land for any purpose whatsoever, in the sum of $500; and in the cost of destroying and removing said cement foundation, in the sum of $150; all in the total sum of $5,450.

[1] The respondent takes the position that it must be assumed that the purchase price had not been fully paid by the plaintiff and that therefore no action can be main-

tained by plaintiff on any warranties of defendant, plaintiff not having acquired title. But the plaintiff alleges full performance as to the covenants and conditions of the contract on the part of plaintiff.

[2] Respondent asserts that plaintiff is confined in his recovery to special damages, and that these are not pleaded with sufficient certainty. This is a suit for damages arising out of the alleged failure of defendant properly to install an engine and pump to be used for irrigation purposes. It will readily be seen from the above statement of the allegations of the complaint that the special damages are pleaded with great certainty, item by item. Such damages were held recoverable in the following cases, where the allegations of the complaint and the facts proven were similar to those alleged in the present case: *Lichtenthaler* v. *Sampson Iron Works*, 32 Cal. App. 220 [162 Pac. 441]; *Cohn* v. *Bessemer G. E. Co.*, 44 Cal. App. 85 [186 Pac. 200]. In the present case it is pleaded with great particularity that defendant well knew that the pump and engine were installed for the purpose of irrigating plaintiff's land and the growing crops and trees thereon. The cases above cited not only sustain the sufficiency of the complaint as to special damages, but hold that damages for loss of crops by failure of irrigation machinery may be recovered under section 3314 of the Civil Code. We have examined all the grounds of special demurrer, but will not discuss them in detail for the reason that they are disposed of by the foregoing.

The judgment of dismissal is reversed.

Conrey, P. J., and Houser, J., concurred.